Prentice W. Almond #19-20982
Name and Prisoner/Booking Number

Minnehaha County Jail
Place of Confinement

500 N. Minnesota Ave.
Mailing Address

Sioux Falls, SD 57104
City, State, Zip Code

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
Southern DIVISION

Prentice W. Almond,
(Full Name of Plaintiff)

Plaintiff,

vs.

Nicholas Butler SFPD 804 (K-9),
Gregory Logan SFPD 818,
Tim Hagen SFPD 616,
Jon Lohr, SFPD 656,
(Full Name of Each Defendant)
*See additional page for defendants
Defendants.

Case No. 20-4054
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
BY A PRISONER
"Jury Trial Demanded"

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

Date of incident 3/28/2017

A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   a. ☑ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
   b. ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   c. ☐ Other: (Please specify.) _____

2. Name of Plaintiff: Prentice Wade Almond / Southern Division
   Present mailing address: 500 N. Minnesota Ave., Sioux Falls, S.D 57104
   (Failure to notify the Court of any change of address may result in dismissal of this action.)
   *I'm in Minnehaha County Jail (currently)
   Institution/city where violation occurred: Sioux Falls, S.D. (Bank on 57th and Western)
   on 3/28/2017

CIVIL RIGHTS COMPLAINT

DSD 01-11                                                                         Page 1 of 7

(1) Unable to list all officers at the other times as defendants because police records did not clarify for me or provide for me the police report so I knew which officers actually came into bank bathroom with (K-9)

Defendants Continued from page 1 of 7

Andrew Matson, SFPD 759
Joseph Martyna, SFPD 831
Chase Vanderhule, SFPD 877
Chad Gillen, SFPD 707
Travis Olsen, SFPD 719
Steven Redmond, SFPD 726
Jason Montgomery SFPD 789
Peter Blankenfeld, SFPD 848
Brittany Stenzel, SFPD 911
Jill Winninger, SFPD 865
Milo Hartson, SFAC AC2
The Dog (K-9)

Nicholas Butler, SFPD - 804 (K-9)
Gregory Logan, S.F.P.D. 818
Tim Hogan, S.F.P.D. 616
Jon Lohr, S.F.P.D. 656

*Note - had to list all officers at the bank location because of being unsure of which actual officers filed the back up on cuffing.

3. Name of first Defendant: Nicholas Butler. The first Defendant is employed as: Police Officer (K-9) 804 at Sioux Falls Police Department.
   (Position and Title)    (Institution)
   This Defendant is sued in his/her: ☒ individual capacity  ☒ official capacity (check one or both)
   Explain how this Defendant was acting under color of law: under municipal/state/federal law.

4. Name of second Defendant: Gregory Logan. The second Defendant is employed as: Police Officer 818 at SFPD.
   (Position and Title)    (Institution)
   This Defendant is sued in his/her: ☒ individual capacity  ☒ official capacity (check one or both)
   Explain how this Defendant was acting under color of law: under municipal/state/Federal law.

5. Name of third Defendant: Tim Hagen. The third Defendant is employed as: Police officer 616 at SFPD.
   (Position and Title)    (Institution)
   This Defendant is sued in his/her: ☒ individual capacity  ☒ official capacity (check one or both)
   Explain how this Defendant was acting under color of law: under municiple, state, and federal law.

6. Name of fourth Defendant: Jon Lohr. The fourth Defendant is employed as: Police officer 656 at SFPD.
   (Position and Title)    (Institution)
   This Defendant is sued in his/her: ☒ individual capacity  ☒ official capacity (check one or both)
   Explain how this Defendant was acting under color of law: under municiple, state, and federal law.

(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)

## B. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

~~2.~~ If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the spaces provided below.

~~3.~~ First prior lawsuit:
   a. Parties to previous lawsuit:
      Plaintiff: N/A

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 5
Name: Andrew Matson
Job or Title (if known): Police officer 759
~~Street Address~~ Institution: S.F.P.D.
City and County: Sioux Falls
State and Zip Code: SD
~~Telephone Number~~ ☑ Individual Capacity
~~E-mail Address (if known)~~ ☑ Official Capacity
Color of law: under municiple, state, and federal law

Defendant No. 6
Name: Joseph Martyna
Job or Title (if known): Police officer 831
~~Street Address~~ Institution: S.F.P.D.
City and County: Sioux Falls
State and Zip Code: SD
~~Telephone Number~~ ☑ Individual Capacity
~~E-mail Address (if known)~~ ☑ Official Capacity
Color of law: under municiple, state, and federal law

Defendant No. 7
Name: Chase Vanderhule
Job or Title (if known): Police Officer 877
~~Street Address~~ Institution: S.F.P.D.
City and County: Sioux Falls
State and Zip Code: SD
~~Telephone Number~~ ☑ Individual Capacity
~~E-mail Address (if known)~~ ☑ Official Capacity
Color of law: Under municiple, state, federal laws

Defendant No. 8
Name: Chad Gillen
Job or Title (if known): Police officer 707
~~Street Address~~ Institution: S.F.P.D.
City and County: Sioux Falls
State and Zip Code: SD
~~Telephone Number~~ ☑ Individual Capacity
~~E-mail Address (if known)~~ ☑ Official Capacity
Color of law: under municiple/state/federal law

Defendants continued from page 2 and 2A of 7

**Defendant No. 9**
- Travis Olsen - Police officer - 719 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under/state/municiple/Federal law

**Defendant No. 10**
- Steven Redmond - Police officer - 726 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municipal, state, federal law

**Defendant No. 11**
- Jason Montgomery - Police officer - 789 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municiple, state, federal law.

**Defendant No. 12**
- Peter Blankenfeld - Police officer - 848 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municiple, state, federal law

**Defendant No. 13**
- Brittney Stengel - Police officer - 911 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municiple, state, federal law

**Defendant No. 14**
- Jill Winninger - Police officer - 865 - S.F.P.D.
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: Under municiple, state, federal law.

**Defendant No. 15**
- Milo Hartson, S.F.A.C. - ACZ - Animal Control officer
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municiple, state, federal law

**Defendant No. 16   The Dog (K-9)**
- Police Dog - S.F.P.D. - Police Dog
  ☑ Individual Capacity  ☑ Official Capacity
under color of law: under municiple, state, federal law

Page 2B of 7

      Defendants: __N/A__

b. Court: (If federal court, identify the district; if state court, identify the county.) _____

c. Case or docket number: _____
d. Claims raised: _____

e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending? _____

f. Approximate date lawsuit was filed: _____
g. Approximate date of disposition: _____

4. ~~Second prior lawsuit:~~
   a. Parties to previous lawsuit:
      Plaintiff: __N/A__
      Defendants: _____

b. Court: (If federal court, identify the district; if state court, identify the county.) _____

c. Case or docket number: _____
d. Claims raised: _____

e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending?_____

f. Approximate date lawsuit was filed: _____
g. Approximate date of disposition: _____

5. ~~Third prior lawsuit:~~
   a. Parties to previous lawsuit:
      Plaintiff: __N/A__
      Defendants: _____

b. Court: (If federal court, identify the district; if state court, identify the county.) _____

c. Case or docket number: _____
d. Claims raised: _____

e. Disposition: (For example: Was the case dismissed? Was it appealed? Is it still pending? _____

f. Approximate date lawsuit was filed: _____
g. Approximate date of disposition: _____

(If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)

## C. CAUSE OF ACTION

### COUNT I

1. The following constitutional or other federal right has been violated by the Defendant(s): 4th Amendment - Excessive Force Violation by an officer.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issued should be stated in a different count)
   ☐ Medical care   ☐ Access to the court   ☐ Mail
   ☐ Disciplinary proceedings   ☐ Retaliation   ☐ Exercise of religion   ☐ Property
   ☒ Excessive force by an officer   ☐ Threat to safety   ☐ Other: mental anguish

3. Supporting Facts: (State as briefly as possible the FACTS supporting Count I. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments). See Appendix "A", "B" and "C" (also see "No legal" Page 4 & 8 of 7) [E1-E26] of Appendix A outlines an overview of events in which plaintiff was met with excessive force by a K-9 unit. [P1] of Appendix B is the SD statute allowing for a 3-year statute of limitations on personal injury claims. [P2] of Appendix B outlines plaintiff's 4th Amendment protection against unreasonable search and seizures culminating in excessive force. [P2] outlines the two-prong Terry test. [E2] of Appendix A outlines prong 1 of [P3]; plaintiff had a reasonable expectation of privacy in a restroom. Between [E3-E6], prong 2 of [P3] may have been ascertained without using excessive force. [P4] furthers the specific conduct defendants should have met plaintiff with; instead, [E7-E15] occurred. No weapons were found on plaintiff, nor had he been suspected of such; indeed, a protective search went beyond what was necessary to determine that plaintiff was not armed, and thus the Terry stop was no longer valid. [P5] furthers plaintiff's reasonable expectation of privacy in the bathroom; the "unreasonable government intrusion" of [E3-E15] clearly does not fit the context in which it was asserted, as made evident by [E22-E23]. [P6], shaped by the context of [E22-E23], in fact very strongly calls into question the authority of the defendants to restrain plaintiff of his liberty. The 5 factors of [P7]=1) [E2a-E23] (cont. on pp. 4A of 7)

4. Injury: (State how you have been injured by the actions or inactions of the Defendant(s)). My left, lower leg was ripped and torn apart by the K-9, at the officers command, resulting in multiple injuries, with 50 plus stitches, a stay in the hospital and a large ($5,000.00) hospital bill - owed to medicaid.

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes ☒ No
   b. Did you submit a request for administrative relief on Count I?   ☐ Yes ☒ No
   c. Did you appeal your request for relief on Count I to the highest level?   ☐ Yes ☒ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. Occurred at a bank; not at this or any correctional facility.

---

C. Cause of Action-3. Supporting facts (cont. from pg. 4 of 7) makes it clear the "severity" of plaintiff's crime was indeed non-existent; 2) the most crucial factor, plaintiff never posed an immediate threat to the safety of peace officers or others; 3) [E6-15] make it clear plaintiff was compliant, not resisting or evading arrest; 4) [E5] highlights the clearly effective "less intrusive measures" by which plaintiff was made to comply with officer's orders; and 5) [E5] clearly shows the initial request for compliance by the officers was adhered to in [E6]. [E7] clearly shows no warnings regarding the release of a K-9 unit were given, as plaintiff was already in compliance in [E6]. [E1-E7] outline how prong 1 of [P8] was unreasonable under the circumstances; the laws against excessive force were indeed clearly established at the time, such that every defendant would have known [E7-E15] would violate plaintiff's rights, as conjecturally indicated by [E22-E23]. [P9] The K-9 unit supervisor and the K-9 unit handler's supervisors satisfy prong 1 in that they were personally involved in the constitutional deprivation; prong 2 is satisfied as [E7-E15] indicates sufficient causal connection exists between the supervisor's wrongful conduct and the constitutional violation. [P10] the plaintiff surrendered in [E6], and was then rendered helpless in [E7-15]; the defendant's, were they reasonable, would have known that "the continued use of the K-9 or a refusal without cause to alleviate its harmful effects constitutes excessive force. [P11] All facts outlined in [E1-E26] should indeed be viewed in the light most favorable to the plaintiff. The Defendants were not justified in using the K-9 to subdue the plaintiff, as in [E6] he was fully compliant; [E7-E15] clearly shows how plaintiff, despite his compliance in [E6], was met with excessive force as the defendants allowed the K-9 unit to continue to bite and hold plaintiff when, as in [E7-E15], plaintiff showed no signs of resistance. [P12] outlines how plaintiff may exact compensatory and punitive damages; compensatory for [E16-E26]; punitive damages for [E7-E20].

Page 4A of 7

Had just finished unlocking the front door with my hands as (K-9) and all the officers rushed in screaming with all their guns drawn and pointed at me. I was told to get on my stomache facing away from them. I fully complied with zero resistance.

- #3 Supporting Facts Continued from page 4 and 4A of 7.

Officer Butler directed the police dog to attack me as I was fully compliant, on the ground, on my stomache, facing away from all officers with both hands up by my ears.

Officer Butler screamed at me and allowed K-9 to continue attack as I was instructed and forced to roll over to my back while all the officers had their guns out and pointed at me - while they laughed at me.

All officers other than Butler screamed demands at me, and pointed their guns at me and allowed Butler to continue the dog attack while I was in complete submission and compliance; as they laughed at me.

All officers denied medical attention after attack for aproximately 30 to 60 minutes while EMT's were present and willing - at the scene.

All officers forced me to walk to Police Vehicle from second floor of Bank with multiple serious injuries to lower left leg.

Officer Butler allowed dog to continue to attack and injure me while I screamed and pleaded for the attack to stop - while in full compliance.

"for eternity"

"For what seemed like eternity"

All other officers besides Butler allowed Butler to continue the dog attack * while I screamed and pleaded for it to stop while compliant multiple guns on me. Page 4B of 7

# COUNT II

1. The following constitutional or other federal right has been violated by the Defendant(s): _____
   N/A

2. Count II involves: (Check **only one**; if your claim involves more than one issue, each issued should be stated in a different count)
   ☐ Medical care   ☐ Access to the court   ☐ Mail
   ☐ Disciplinary proceedings   ☐ Retaliation   ☐ Exercise of religion   ☐ Property
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

   _____

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

   _____

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count II?   ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?   ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

# COUNT III

(entire COUNT III heading crossed out with large X)

1. The following constitutional or other federal right has been violated by the Defendant(s): _____
   N/A

2. Count III involves: (Check **only one**; if your claim involves more than one issue, each issued should be stated in a different count)
   ☐ Medical care   ☐ Access to the court   ☐ Mail
   ☐ Disciplinary proceedings   ☐ Retaliation   ☐ Exercise of religion   ☐ Property
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III. Describe exactly what each Defendant did or did not do to violate your rights. State the facts clearly in your own words without citing legal authority or arguments).

4. **Injury:** (State how you have been injured by the actions or inactions of the Defendant(s)).

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Count III?   ☐ Yes ☐ No
   c. Did you appeal your request for relief on Count III to the highest level?   ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not. _____

(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)

## D. REQUEST FOR RELIEF

State briefly what you want the Court to do for you.

(PR) Plaintiff is seeking Compensatory damages in the amount of: $3,500,000.00

Plaintiff is seeking punitive damages in the amount of: $3,500,000.00

(*) See Appendix "A", "B", and "C" for reasons and claims in regards to why I am seeking above punitive and Compensatory damages

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __3-20-20__
DATE

_____
SIGNATURE OF PLAINTIFF

Jared P. Hallstrom
(Name and title or paralegal, legal assistant, or other person who helped prepare this complaint)

(Not yet attained)
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach additional pages. The form, however, must be completely filled in to the extent applicable.

## Appendix A - Overview of Events (denoted by prefix "E")

Below is a list of events as they happened in chronilogical order marked with an "E" and the number of the event as it happened.

E1  I was walking down the street.
E2  I entered a bank to use the restroom
E3  I heard yelling and a dog barking from the lobby.
E4  I was washing my hands when 5 police officers and one K-9 entered.
E5  They yelled at me to turn around and get on floor, each pointing a gun
E6  I fully complied getting on floor, on stomach, both hands up
E7  They let the dog attack while I was fully compliant
E8  They let the dog visciously attack my lower left leg
E9  They screamed at me to roll over as the dog attacked me
E10 I rolled over while dog was biting and tearing skin
E11 I yelled in pain as I looked at five officers guns drawn
E12 I continued to scream in pain as I looked at laughing officers
E13 I pleaded and screamed for attack to stop looking at the officers laughing with all guns pointed at me.
E14 The dog attacked for what seemed like forever, I screamed
E15 The attacked finally ended I was forced to stand and walk downstairs while leg was ripped open and bleeding.
E16 I asked for medical attention and was rudely denied
E17 I pleaded for the on-site medical attention (EMT's) for wounds and pain and was denied and told to "shut up."
E18 I was left in police vehicle for 30 to 60 minutes denied the on-site EMT medical attention.
E19 I was taken to hospital rudely harassed on the way there
E20 Rudely harrassed at hospital until doctor made police stop
E21 I received 50+ stitches for the multiple wounds on leg
E22 I stayed night in hospital and police left me in the night
E23 I received no criminal charges at that time
E24 I received a $15,000 hospital bill medicaid had to pay.
E25 I slowly healed from injuries over next three months
E26 I suffer from lasting pain, internal damage, scars, and mental anguish

# Appendix B

- Points, denoted by the prefix "P," from established case law precedents, codified laws, and constitutionally protected civil liberties.

**[P1]** SDCL § 15-2-14 allows for action for personal injury within a 3-year period in which claims may necessarily be exacted.

**[P2]** The 4th Amendment to the Constitution of the United States of America protects against unreasonable search and seizures, in addition to any excessive force arising therefrom.

**[P3]** Felarca v. Birgeneau succinctly interprets 4th Amendment protections against unreasonable searches and seizures using the 2-prong Terry stop factors: 1) Whether there was a legitimate expectation of privacy; and 2) whether peace officer[s] had more than a hunch, widening the scope of investigation of reasonable suspicion under the totality of circumstances test regarding what is known to the officer[s] at that time.

**[P4]** Sibron v. New York states when a police officer is justified in believing that the individual whose suspicious behavior the officer[s] is/are investigating at close range is armed and presently dangerous to the officer[s] or to others, the officer[s] may, under the federal Constitution's Fourth Amendment conduct a patdown search to determine whether the person is in fact carrying a weapon; such protective search is permitted without a warrant on the basis of reasonable suspicion less than probable cause—must be strictly limited to that which is necessary for the discovery of weapons which might be used to harm the officer[s] or others nearby; if the protective search goes beyond what is necessary to determine if suspect is armed, the search is no longer valid under a Terry stop, and its fruits will be suppressed.

**[P5]** Sibron v. New York further clarifies "legitimate expectation of privacy," in that wherever an individual may harbor a reasonable expectation of privacy, he is, as a matter of constitutional law, entitled to be free from unreasonable government intrusion. The specific contents and incidents of this right must be shaped by the context in which it is asserted.

**[P6]** Sibron v. New York finally, Sibron summarily asserts that no right is held more sacred, or is more carefully guarded, by the

1 of 4                                                        APPX "B" page 1

Appendix B (cont. from pg. 1)

common law than the right of every individual to the possession and control of his own person, free from all restraint or interference, unless by clear and questionable authority of law.

[P7] In a 4th Amendment Excessive force case, the scope of protection for officers involved entails 5 factors in determining the proper amount of force: 1) Severity of crime; 2) whether suspect posed an immediate threat to the safety of peace officers or others; 3) Whether suspect was non-compliant, actively resisting, or evading arrest; 4) Availability of less intrusive alternatives to the force employed; and 5) whether warnings were given. Multiple case precedents denote the most important of these is factor 2.

[P8] Justifiable use of force is evaluated under a 2-prong system: 1) If police use of force, if viewed objectively, was unreasonable under the circumstances; and 2) The law must have been so clearly established at the time, enough that every reasonable official would know he or she was violating the plaintiff's rights.

[P9] An official is liable as a supervisor under a 2-prong test: 1) if the official was personally involved in the constitutional deprivation; and 2) Sufficient causal connection exists between supervisor's wrongful conduct and the constitutional violation.

[P10] Franklin v. Mally "As to the use of police dogs in particular, their use may be reasonable as a general policy to bring an arrestee under control, but in a situation in which an arrestee surrenders and is rendered helpless, any reasonable officer/s would know that a continued use of the K-9 or a refusal without cause to alleviate its harmful effects constitutes excessive force. See Lalonde v. City of Riverside 204 F.3d 947"

[P11] "Viewing all facts in the light most favorable to plaintiff, a reasonable jury could find that defendant was not justified in using a K-9 to subdue a complying suspect and allowing the K-9 to continue to bite and hold plaintiff when he showed no sign of resistance (Franklin v. Mally).

[P12] Isbell v. Hughes shows how a jury may award damages under a §1983... when a defendant's conduct... involved a reckless or callous indifference to

Appx."B" page 2

Appendix B (cont. from pp. 2)
constitutional rights of others (citing Dang v. Cross). Similarly, the 9th circuit has held that [a] 1983 victim is entitled to recover compensatory damages for all injuries suffered ... this may include compensation for economic harm, pain and suffering, and mental and emotional distress that results from the violations

App "B"

Appendix "C" - Justification for punitive/compensory claims.

### Excessive Force
- Dog Handler 1) Let dog attack while I was face down, hands up fully compliant 2) dog allowed to continue attack as I was forced to roll over. 3) all other officers had guns on me.
- Other officers 1) kept guns drawn and on me while dog attacked, 2) yelling at me causing more confusion and fear beyond guns and dog attack 3) laughing

### Medical Care
- All officers 1) allowed dog to attack while I was fully compliant and no threat at all 2) made me walk from second floor to police vehicle with serious leg injuries caused by dog 3) allowed me to be put in police vehicle and denied on-site-willing, EMT medical care. 4) made to sit in police vehicle 30 to 60 minutes with no medical attention with extensive, multiple wounds as EMT's stood by outside police vehicle 4) daily pain, suffering, 5) loss of ability to work 6) daily dressing care for wounds needed, 7) excessive hospital bill, 8) hospital stay. 9) Doctor visits for stitches (check + removal) 10) Continued pain, numbness, and itching due to wounds, scars and nerve damage

### Undue Physiological Stress
- All officers 1) being attacked by police dog while in private bank bathroom. 2) Guns pointed at me while dog attacked. 3) Dog allowed to continue attack while screaming and pleading. 4) made to roll over while dog continue attack 5) Fully compliant with officers and deprived safety and security by public officials. 6) dog allowed to continue attack while guns on me and officers laughing - "for what seemed like forever". 7) Being forced to walk on mutilated seriously injured leg 8) Being denied on-site willing medical attention. Being harassed during, after, and at hospital, 9) made to sit in Police Vehicle with injuries

Clerk of Court - Mr. Thelen,

The date of the incident was 3/28/2017.

I have included both headings, "Civil Complaint" because I was not incarcerated when this happened in the bank bathroom. Also "Civil Complaint by a prisoner" because I am currently in Minnehaha County Jail awaiting an aquittal for alleged charges.

Appendix "C" is an explanation from me as to why I am seeking compensatory and punitive damages. There was a $15,000.00 hospital bill that Medicaid has already paid. They have been notified of this suit and are requesting reimbursement.

I have had to include all officers present at the bank as defendants because other than Officer Butler 804 (k-9), I'm not sure which officers were actually in the bank bathroom with him and the dog. Police records would not give me a copy of the police report which would have made that clear.

I am hoping the Court can approve and appoint Counsel for me. I have written 12 Sioux Falls attorneys; only two have responded - both declined. I am currently seeking Counsel out of city, out of state, in case, but am hoping for Court appointed - through you. Sincerely, Prentiss W. Almond

Prentice Wade Almond
M.C.J.
500 N. Minnesota Ave.
Sioux Falls, S.D.
57104

570  571  57101S  **L1-72**

PRSRT FIRST-CLASS MAIL
U.S. POSTAGE PAID
Sioux Falls, SD
PERMIT# 7932

4070200323-174744804
4            RETURN SERVICE REQUESTED
57101

X-RAYED BY
SOUTH DAKOTA
CSO

Mr. Matthew W. Thelen
Federal Clerk of Court
Office of the Clerk
400 S. Phillips, Room 128
Sioux Falls, S.D.
57104

**LEGAL**
Inmate Correspondence

EOC 1481